## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DUSUN L. WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-348-TCK-PJC |
| | ) | |
| MIKE MULLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding.  Petitioner is a state prisoner and appears *pro se*.  Respondent has filed a response to the petition (Dkt. # 6) and has provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 7). Petitioner has not filed a reply.  For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

Around 4:00 p.m. on May 12, 2001, eighty year old Irene Kopelman was walking to her car outside the Dillards department store in Tulsa, Oklahoma. As she was about to get into her car, someone came up behind her and grabbed her purse containing her wallet, credit cards, checkbook and other personal items. When the attacker couldn't get away between the cars because the open car door was blocking his way, he picked Mrs. Kopelman up and threw her to the ground. She suffered injuries to her pelvis, back and hand.  Although Mrs. Kopelman did not get a good look at her attacker, she saw him running away through the parking lot and described him as an African American. Two other witnesses, Shannon Lambert and William West, were able to identify Petitioner as the person who snatched Mrs. Kopelman's purse and was running through the parking lot. Later that day Petitioner used Mrs. Kopelman's Texaco credit car to buy gas for an acquaintance

who gave him a ride. The next day Petitioner paid a pizza delivery man with a check drawn on Mrs. Kopelman's checking account. Mrs. Kopelman's wallet was eventually recovered at a Homeland Store and returned to her a couple of weeks later. The eyewitnesses from the attack at the mall cooperated with the police, and identified Petitioner as the attacker. He was arrested on May 23, 2001.

The record before the Court demonstrates that Petitioner was convicted by a jury of Robbery by Force, after former conviction of two or more felonies, in Tulsa County District Court, Case No. CF-01-3312 (Dkt. # 7, O.R. at 95). He was sentenced to thirty (30) years imprisonment. Id.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, Petitioner raised three (3) propositions of error on direct appeal:

Proposition I:  The in court identification of Appellant Washington by Ms. Lambert violated Appellant Washington's constitutional right to due process of law.

Proposition II:  Appellant Washington's Fourteenth Amendment right to due process of law was violated because the evidence was insufficient to convict him of the crime of robbery.

Proposition III:  The prosecution engaged in misconduct when it improperly elicited testimony and made argument concerning the victim's injuries, and raised societal alarm against Appellant Washington by portraying him as a "predatory animal."

(Dkt. # 6, Ex. A). In an unpublished summary opinion, filed April 28, 2003, in Case No. F-2002-217, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 6, Ex. C). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. Petitioner did not seek post-conviction relief (Dkt. # 1 at 10).

Petitioner filed the instant habeas corpus petition on April 21, 2004 (Dkt. # 1). In his petition, Petitioner raises the same three (3) grounds of error raised on direct appeal,[1] as follows:

Ground 1:     In-court identification.

Ground 2:     Fourteenth Amendment right to due process of law (insufficient evidence).

Ground 3:     Prosecution engaged in misconduct.

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 6.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United

---

[1]     Petitioner attached a copy of the pages from his direct appeal brief filed in the OCCA which set out the arguments and authorities supporting his three grounds. See Dkt. # 1, attachment.

States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented all of his claims to the OCCA on direct appeal.  The OCCA considered, but rejected, each claim.  See Dkt. # 6, Ex. C.  Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented on direct appeal.  As an initial matter, the Court notes that Petitioner has failed to assert a basis for finding that the OCCA's rejection of any of these claims on direct appeal warrants issuance of the writ under 28 U.S.C. § 2254(d). His petition merely reiterates the assertions and arguments presented in his direct appeal brief.

### 1. In-court identification (ground one)

In ground one, Petitioner alleges that a photographic line-up was impermissibly suggestive and tainted the in-court identification of Petitioner by eyewitness Ms. Lambert, in violation of Petitioner's rights to due process. Citing Allen v. State, 783 P.2d 494, 497-98 (Okla. Crim. App. 1989), the OCCA rejected this issue on direct appeal without discussion, stating "we find Lambert's in court identification of Appellant was not tainted by an impermissibly suggestive lineup." See Dkt.

4

# 6, Ex. C at 2.  Because the OCCA's rejection of this claim on direct appeal is not contrary to

Supreme Court precedent, Respondent asserts that § 2254(d) prevents the granting of federal habeas

relief on this issue. The Court agrees.

Petitioner summarized the factual basis for his improper identification claim in his direct

appeal brief (Dkt. # 6, Ex. A at 15) as follows:

> Appellant Washington's case presents the eyewitness identification
> issues over which the courts have expressed such concern. The
> photographic lineup was prepared not on the basis of the robber's
> description as provided by Ms. Lambert, but upon the police's
> suspicion that Appellant Washington was, in fact, the robber. [Tr.,
> Vol. III, pp. 344-46]. Though Officer St. Clair knew that Ms.
> Lambert had provided only a generalized description of the robber,
> and that a ponytail figured prominently in that description, four (4)
> of the lineup suspects did not show a ponytail. [*Id.*, pp. 348-49]. Skin
> tone was the other prominent feature identified by Ms. Lambert in her
> generalized description of the robber, yet Officer St. Clair agreed that
> two (2) of the lineup suspects had a skin tone darker than Appellant
> Washington. [*Id.*, pp. 347-48]. Officer St. Clair agreed that one lineup
> suspect did not even fit the description of the robber. [*Id.*, p. 347].
> Finally, Officer St. Clair agreed that Appellant Washington was one
> (1) of three (3) suspects dressed in orange jail clothes. [*Id.*, pp. 348-
> 50].

Id.  Petitioner argues that this type of suggestive pre-trial identification procedure then tainted the

in-court identification by Ms. Lambert at both the preliminary hearing and at trial. Id. at 16-17.

A two-tier analysis is used to examine the constitutionality of pre-trial identification

procedures.  Grubbs v. Hannigan, 982 F.2d 1483, 1489 (10th Cir. 1993).  First, the Court must

determine whether the procedure was unnecessarily suggestive.  Id. (citing Archuleta v. Kerby, 864

F.2d 709, 711 (10th Cir. 1989)).  If the procedure is found to be unnecessarily suggestive, the Court

"must then weigh the corrupting influence of the suggestive procedure against the reliability of the

identification itself."  Id. at 1489-90 (citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977)).

"[R]eliability is the linchpin in determining the admissibility of identification testimony . . . ." Brathwaite, 432 U.S. at 114.  "Even if the identification procedure is suggestive, the introduction of the identification evidence does not necessarily violate a defendant's due process rights." Archuleta, 864 F.2d at 711 (citing United States v. Williams, 605 F.2d 495, 498 (10th Cir.1979)). A pre-trial identification procedure does not violate due process unless it is so unnecessarily suggestive that it is "conducive to irreparable mistaken identification." Grubbs, 982 F.2d at 1490 (citing Kirby v. Illinois, 406 U.S. 682, 691 (1972)). In Neil v. Biggers, 409 U.S. 188 (1972), the Supreme Court identified five factors to be considered in determining the reliability of a pre-trial identification.  Those factors are:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200. If the corruptive effect of a suggestive pre-trial identification procedure outweighs the reliability of the identification, then the identification testimony should have been suppressed.  Grubbs, 982 F.2d at 1490 (citing Archuleta, 864 F.2d at 711; United States v. Thurston, 771 F.2d 449, 453 (10th Cir. 1985)). "The totality of the circumstances must be considered to determine whether sufficient independent basis for the identification leads one to conclude that the identification is reliable." Snow v. Sirmons, 474 F.3d 693, 720 (10th Cir. 2007) (quoting Williams, 605 F.2d at 498 (1979)).

After reviewing the record and the totality of the circumstances in the instant case, the Court finds that even if it is assumed, *arguendo*, that the pre-trial identification procedures were impermissibly suggestive, the reliability of the identification by eyewitness Shannon Lambert outweighed any corruptive influence of the procedures.  First, Ms. Lambert had a reasonable

6

opportunity to view Petitioner as he was running away from the crime scene. She testified that he was a tall black man with "kind of a long ponytail" wearing a red t-shirt with a logo on it and "lanky darker pants or shorts." <u>See</u> Dkt. # 7, Tr. Trans. at 384. He was carrying a woman's purse as he was running (<u>Id.</u> at 383). Additionally, during his escape the attacker turned and looked directly at Ms. Lambert (<u>Id.</u> at 385). Ms. Lambert's description of the attacker's clothes matched the clothes confiscated by police and described by another witness as those worn by Petitioner the evening of the crime. When asked on the witness stand at trial if Petitioner's appearance had changed in any way from May 12, Ms. Lambert gave the following detailed response:

> A:    Slightly. He didn't have a full mustache, as he does now, and his hair was -- it was pulled back, but there was some fly-away hairs that were there. but he really doesn't look that much different. His hair is longer in the back, but --
>
> Q:    Okay. And when you say his hair was pulled back on May the 12th, was it in what you would describe any particular style other than pulled back?
>
> A:    It was in a ponytail. Hair was loose. It wasn't braided. It was just a very thin kind of ponytail, about maybe three inches, four inches long.

<u>Id.</u> at 389. On cross-examination she reiterated that she had gotten a good look at Petitioner when he turned and looked at her, stating "I saw him clearly for the five seconds that I was looking at him and he was looking at me, the full body. I was focusing on his face, but I saw the full body." <u>Id.</u> at 396. Lastly, the photographic lineup shown to Ms. Lambert was conducted approximately three weeks after she had witnessed the crime. These considerations lead the Court to conclude that the pre-trial identification by Ms. Lambert was reliable under <u>Biggers</u>.  As a result, the Court concludes that Petitioner was not deprived of due process as a result of the admission of the pre-trial identification testimony, nor did the pre-trial identification process taint Ms. Lambert's in-court identification of Petitioner.

Accordingly, because the OCCA's adjudication of Petitioner's claim concerning the identification process, both pre-trial and in-court, was neither contrary to controlling federal law nor an unreasonable determination of the facts presented at trial, the Court finds that pursuant to § 2254(d), Petitioner is not entitled to habeas corpus relief on this ground.

### 2. Insufficient evidence (ground two)

As his second proposition of error, Petitioner argues that the evidence was insufficient to support his conviction. On direct appeal, the OCCA rejected Petitioner's claim of insufficient evidence, finding:

> As to Proposition II, we find the trial evidence was sufficient for a rational trier of fact to conclude Appellant robbed Kopelman by force. *See Spuehler v. State*, 709 P.2d 202, 203-04 (Okl. Cr. 1985).

Dkt. # 6, Ex. C at 2. The Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 6 at 9).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001); see also Dockins v.

Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Oklahoma law provides the substantive elements of robbery by force as: (1) wrongful; (2) taking; (3) carrying away; (4) personal property; (5) of another; (6) from the person or immediate presence of another; (7) by force. See Dkt. # 7, O.R.. at 64; Okla. Stat. tit. 21, § 791. In the instant case, the jury heard testimony from the robbery victim, two eyewitnesses who witnessed the robbery, an acquaintance who drove Petitioner to a Texaco station where Petitioner used the victim's credit card to purchase gas, a pizza delivery man who accepted a check from Petitioner which was drawn on the victim's bank account, and the arresting officer who testified that the clothing worn by Petitioner when arrested matched the description of

clothing given by the eyewitnesses.  The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of Robbery by Force beyond a reasonable doubt.  Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. The Court therefore concludes that the OCCA's resolution of Petitioner's evidentiary challenge was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). As a result, the Court finds habeas corpus relief should be denied on this claim.

### 3. Prosecutorial misconduct (ground three)

As his third proposition of error, Petitioner complains that the prosecution engaged in misconduct when it raised societal alarm against Petitioner by portraying him as a predatory animal in the opening statement, and improperly elicited testimony designed to elicit sympathy for the victim. The OCCA reviewed Petitioner's allegations of prosecutorial misconduct as asserted on direct appeal and found as follows:

> As to his final proposition, we find evidence and argument concerning Kopelman's injuries was relevant to prove force and no error occurred. 12 O.S. 2001, §§ 2401 and 2403. We find any error concerning the predator remarks in opening statement was

cured[2] when the trial court sustained defense counsel's objection and admonished the jury to disregard them. *See White v. State*, 900 P.2d 982, 992 (Okl.Cr.1995). We find no plain error in the predator remarks in first stage closing argument based on this record. *Childress v. State*, 1 P.3d 1006, 1013-14 (Okl.Cr.2000). And finally, we find the "send a message" argument, when read in its entirety and in context, is not error under *Charm v. State*, 924 P.2d 754, 770 (Okl.Cr.1996), *cert denied*, 520 P.2d [sic] 1200, 117 S.Ct. 1560, 137 L.Ed.2d 707 (1997).

Dkt. # 6, Ex. C. Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. The Court finds, after careful review of the trial transcript, that the alleged misconduct by the prosecutor did not plausibly tip the scales in favor of the prosecution. The Court is not convinced of a reasonable probability that the

---

[2]    Although the OCCA did not cite federal law in its ruling on this issue, the Tenth Circuit has recognized that the OCCA's longstanding position that a trial court's admonition usually cures any error is not in conflict with the standard established by federal law. Patton v. Miller, 425 F.3d 788, 800 (10th Cir. 2005). Federal law provides that there is a presumption "that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987).

outcome of the trial would have been different without the alleged incidents of misconduct.  In light of the strength of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the incidents of alleged misconduct by the prosecutor and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct.  Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### CONCLUSION

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 7th day of May, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE